UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS L D'AQUIN | CIVIL ACTION |
| VERSUS | NO. 25-613 |
| LOUISIANA DEPARTMENT OF REVENUE, ET AL. | SECTION: "E" (3) |

## REPORT AND RECOMMENDATION

The undersigned previously reviewed this matter relative to whether it should be dismissed under 28 U.S.C. § 1915(e).[1] The Court ordered Plaintiff to file a written statement to clarify the basis of his claims and show cause as to why his complaint should not be dismissed.[2] Plaintiff filed an amended complaint on April 15, 2025,[3] and a second amended complaint on June 7, 2025.[4] For the following reasons, it is recommended that Plaintiff's claims be dismissed.

### I.  Background

Plaintiff filed this lawsuit against the Louisiana Department of Revenue, Miranda Scroggins, Luke Morris, Governor Jeff Landry, and State Treasurer Richard Nelson.[5] The complaint sets forth the following sparse factual allegations.

Defendants contacted Plaintiff in 2019 about Louisiana tax liabilities.[6]

---

[1] R. Doc. 2.
[2] R. Doc. 3.
[3] R. Doc. 6.
[4] R. Doc. 11.  The margins used by Plaintiff cut off some text of the second amended complaint—an issue that Plaintiff apparently opted not to remedy.  In any event, the text affected by the margins appears identical to the text in the first amended complaint.
[5] R. Docs. 1, 6, 11.
[6] R. Doc. 6, ¶ 9.

1

Plaintiff presented evidence of Mississippi residency to rebut the alleged tax liabilities.[7] Defendants nonetheless suspended Plaintiff's Louisiana driver's license.[8] Plaintiff and Defendants litigated their disagreement before the Louisiana State Board of Tax Appeals. Ultimately, they reached a settlement agreement, and the litigation was dismissed with prejudice.[9] Later, Defendants seized Plaintiffs' 2023 and 2024 tax refunds and Social Security funds; this seizure may have violated the settlement agreement.[10]

## II.  Standard of Law

28 U.S.C. § 1915(e)(2) requires summary dismissal *sua sponte* should the Court determine that a case is frivolous or fails to state a claim on which relief may be granted. It provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time if the court determines that**--
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). Dismissals for failure to state a claim under § 1915(e)(2) and dismissals under Federal Rule of Civil Procedure 12(b)(6) are subject

---

[7] R. Doc. 6, ¶ 10.
[8] R. Doc. 6, ¶ 11.
[9] R. Doc. 6, ¶ 12. Plaintiff filed a copy of a joint motion to dismiss his tax appeal that acknowledges the existence of a settlement agreement, but the settlement agreement itself has not been filed. R. Doc. 11 at 5.
[10] R. Doc. 6, ¶ 15.

to the "same standard." *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021); *Francois v. Jefferson Par.*, No. 14-337, 2015 WL 711815, at *8 (E.D. La. Feb. 13, 2015).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact," embracing both "the inarguable legal conclusion" and "the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness review is "designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit [.]" *Neitzke*, 490 U.S. at 327.

A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Courts apply less stringent standards to parties proceeding *pro se*, but they will not "invent . . . novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 952 (5th Cir. 2009). Stated otherwise, a *pro se* litigant "must [still] set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

**III.   Analysis**

Construed liberally and in the light most favorable to Plaintiff, he alleges § 1983 claims based on an alleged due process violation and an unlawful seizure or taking of Plaintiff's tax refunds, as well as state-law claims for breach of the settlement agreement and negligence. Despite multiple opportunities for amendment, each claim fails as a matter of law.

The § 1983 claims against the Louisiana Department of Revenue are subject to Eleventh Amendment immunity and should be dismissed without prejudice for lack of subject matter jurisdiction. *E.g., Hanna v. LeBlanc*, 716 F. App'x 265, 268 (5th Cir. 2017); *see also Howard v. Jarrell*, No. 1:22-CV-05422, 2023 WL 1775090, at *3 (W.D. La. Jan. 13, 2023), *report and recommendation adopted*, No. 1:22-CV-05422, 2023 WL 1768149 (W.D. La. Feb. 3, 2023), *appeal dismissed*, No. 23-30199, 2023 WL 11015616 (5th Cir. June 9, 2023). Nor are there any factual allegations relative to Defendants Governor Landry and Nelson. They are mentioned in passing only as having some "oversight" role relative to unspecified events.[11] When a plaintiff merely lists a defendant in a complaint but makes no factual allegations, he has failed to state a specific claim against that defendant. *See Guillotte v. Lafourche Par.*, No. 21-1400, 2022 WL 775339, at *4 (E.D. La. Feb. 11, 2022). Given Plaintiff's multiple opportunities for amendment and the absence of any allegations suggesting a viable claim, these claims should be dismissed with prejudice.

---

[11] R. Doc. 6, ¶ 8. While the Complaint refers vaguely to March 2023 correspondence "from the Attorney General's office," it does not contain any allegations that would support a claim based on events during Governor Landry's prior service as Attorney General. R. Doc. 6, ¶ 13.

With respect to § 1983, Plaintiff alleges that he did not receive "adequate notice, hearing, or justification" in violation of his due process rights.[12] He does not, however, set forth factual allegations to support these conclusions. Moreover, he affirmatively alleges that his tax dispute was the subject of litigation before the Board of Tax Appeals, resulting in a settlement.[13] Nowhere does he point to a specific due process violation in connection with that litigation. Plaintiff's allegations demonstrate disagreement with Defendants' actions, but no procedural infirmity of constitutional significance.[14] Plaintiff's unlawful seizure or taking claim similarly presents only a conclusory allegation that Defendants "intercepted Plaintiff's tax refunds without lawful authority or compliance with state or federal procedure."[15] Even construed generously, Plaintiff's § 1983 allegations fail to state a claim on which relief may be granted. Given the ample opportunity for amendment, these claims should be dismissed with prejudice.

Plaintiff's state-law claims for negligence also fall short. Plaintiff alleges that Morris, an "official" of the Louisiana Department of Revenue, "backdated a license suspension after Plaintiff had already renewed his license."[16] Elsewhere, he seems to refer to the same alleged conduct as a "manual override by upper-level staff."[17] It appears this conduct occurred in June 2019 or soon after. In any event, the allegations make clear that the alleged conduct by Morris pre-dated the 2021 settlement in this

---

[12] R. Doc. 6, ¶ 17.
[13] R. Doc. 6, ¶ 12.
[14] *E.g.*, R. Doc. 6, ¶ 15.
[15] R. Doc. 6, ¶ 19.
[16] R. Doc. 6, ¶ 11.
[17] R. Doc. 1, ¶ 8.

case.[18] Even if Plaintiff could raise a viable claim against Morris (which is far from apparent), any such claim would be time-barred under Louisiana law. *See* La. Civ. Code arts. 3492 and 3493.1. As for Scroggins, Plaintiff alleges only that Scroggins admitted Plaintiff was correct in several instances but failed to take remedial action."[19] This amorphous allegation does not provide the requisite specificity to state a claim. And, in any event, the alleged admissions occurred prior to the 2021 settlement. Thus, any negligence claim against Scroggins is also time-barred. *See id.*

Plaintiff's state-law claim for breach of contract fails to meet the Rule 12(b)(6) standard. Plaintiff alleges that Defendants "failed to honor or implement the terms of" the settlement agreement reached in connection with the Board of Tax Appeal.[20] Elsewhere, he alleges that the seizure of his 2023 and 2024 tax refunds were impermissible because "the underlying tax issue was disputed, settled, or time-barred."[21] These vague allegations are insufficient to infer what "tax issue" was "disputed, settled, or time-barred," who allegedly violated the settlement, and how the dispute, settlement, or staleness of that tax issue disallowed seizure of the 2023 and 2024 refunds. Plaintiff's failure to provide such details despite multiple opportunities for amendment support the dismissal of this claim without prejudice to his right to seek relief before the Louisiana State Board of Tax Appeals.

Finally, in his initial complaint, Plaintiff brought a fraud claim based on the allegation that "Defendants provided false documentation to the IRS regarding

---

[18] R. Doc. 11 at 4.
[19] R. Doc. 6, ¶ 14.
[20] R. Doc. 6, ¶ 22.
[21] R. Doc. 6, ¶ 15.

Plaintiff's tax liability resulting in unlawful garnishments."[22] Nowhere, however, does Plaintiff specify the provider or content of the alleged false documentation, nor when it occurred. Conclusory allegations of this nature, without factual detail, are insufficient to state a plausible claim. *See Ashcroft*, 556 U.S. at 678. Given that Plaintiff has been given multiple opportunities to amend this claim yet failed to provide any additional detail, it should be dismissed with prejudice.

## IV. Recommendation

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's claims against the Louisiana Department of Revenue be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Plaintiff's § 1983, negligence, and fraud claims against the remaining defendants be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's breach of contract claim be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to seek relief before the Louisiana State Board of Tax Appeals.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

---

[22] R. Doc. 1, ¶ 20.

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc)).

    New Orleans, Louisiana, this 18th day of August, 2025.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE
