UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS L D'AQUIN,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-613** |
| **LOUISIANA DEPARTMENT OF**<br>**REVENUE, ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

### ORDER AND REASONS

Before the Court is plaintiff Thomas L D'Aquin's ("Plaintiff") objections[1] to Magistrate Judge Eva Dossier's Report and Recommendations[2] regarding dismissal of the complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. After considering the complaint, the record, the applicable law, Magistrate Dossier's Report and Recommendations, Plaintiff's objections, and having conducted a *de novo* review of those portions of the Report and Recommendations to which objections are made as required by 28 U.S.C. § 636(b)(1), the Court overrules Plaintiff's objections and approves the Report and Recommendation and adopts it as its opinion in this matter.

Magistrate judges are empowered by statute to preside over certain pretrial matters upon appointment by a district judge.[3] A district court evaluating a magistrate judge's recommendation may adopt those portions of the recommendation to which no specific objection is made, as long as those sections are not clearly erroneous.[4] However, where a party makes "specific, written objections", the district court must undertake *de novo* review

---

[1] R. Doc. 13-15.
[2] R. Doc. 12.
[3] 28 U.S.C. § 636(b)(1)(A).
[4] 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

1

of those contested aspects of the report.[5] The district judge may then "accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

## BACKGROUND

Plaintiff filed this suit against the Louisiana Department of Revenue, Miranda Scroggins, Luke Morris, Governor Jeff Landry, and State Treasurer Richard Nelson.[6] The complaint alleges that the defendants contacted Plaintiff in 2019 concerning Louisiana tax liabilities.[7] Plaintiff responded with evidence of Mississippi residency to rebut the alleged liabilities, but Defendants still suspended his Louisiana driver's license.[8] The parties litigated the case before the Louisiana State Board of Tax appeals, eventually reaching a settlement agreement.[9] Defendants later seized Plaintiff's 2023 and 2024 tax refunds and Social Security funds, which Plaintiff alleges violated the settlement agreement.[10]

## LAW

28 U.S.C. § 1915(e)(2) requires summary dismissal *sua sponte* should the Court determine that a case is frivolous or fails to state a claim on which relief may be granted. As Magistrate Judge Dossier correctly notes, a complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[11] A claim has facial plausibility when

---

[5] *Id.*
[6] R. Docs. 1, 6, 11.
[7] R. Doc. 6, ¶ 9.
[8] R. Doc. 6, ¶ 10-11.
[9] R. Doc. 6, ¶ 12. Plaintiff filed a copy of a joint motion to dismiss his tax appeal that acknowledges the existence of a settlement agreement, but the settlement agreement itself has not been filed. R. Doc. 11 at 5.
[10] R. Doc. 6, ¶ 15.
[11] R. Doc. 12 at 3 (citing *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

## ANALYSIS

### I. Plaintiff's Objections to Dismissal of § 1983 Claims

The Court agrees with Magistrate Judge Dossier's recommendation to dismiss plaintiff's § 1983 claims against the Louisiana Department of Revenue ("Department"). The Magistrate Judge suggests dismissal because claims against the Department are subject to Eleventh Amendment immunity.[13] Plaintiff objects to the Magistrate's findings, claiming that by "entering a settlement and seizing Social Security benefits, the Department triggered federal jurisdiction under § 1983 and the Supremacy Clause."[14] But this Court does not find this objection persuasive. Magistrate Judge Dossier cites ample case law demonstrating that the Eleventh Amendment bars Plaintiff's claims against the Department,[15] and Plaintiff fails to directly address these arguments. Accordingly, the Court will dismiss this claim.

Plaintiff named Landry and Nelson as defendants but alleges only that they "acted outside of their lawful authority" and that Landry threatened him with probation.[16] These allegations do not contain any facts that would support Plaintiff's claims against them under § 1983. As Magistrate Judge Dossier stated, "when a plaintiff merely lists a defendant in a complaint but makes no factual allegations, he has failed to state a specific claim against that defendant."[17] As a result, the Court also will dismiss Plaintiff's § 1983

---

[12] *Id* (citing *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).
[13] R. Doc. 12 at 4.
[14] R. Doc. 14 at 1.
[15] R. Doc. 12 at 4.
[16] R. Doc. 14 at 1.
[17] *Id.* (citing *Guillotte v. Lafourche Par.*, No. 21-1400, 2022 WL 775339, at *4 (E.D. La. Feb. 11, 2022)).

claims against Landry and Nelson.

Moreover, Plaintiff's objections repeat the same general allegations in his complaint. In response to the Magistrate Judge stating that Plaintiff's allegations regarding the alleged taking claim were conclusory, Plaintiff merely repeats his allegation that defendants seized his tax refunds and claims this violated his due process rights.[18] This Court fails to see how an objection that merely repeats Plaintiff's conclusory allegations shows that the Magistrate Judge's recommendation to dismiss is incorrect.

## II. Plaintiff's Objections to Dismissal of State Law Negligence and Breach of Contract Claims

Magistrate Judge Dossier also recommended dismissal of Plaintiff's state law negligence and breach of contract claims. This Court agrees. Once again, Plaintiff's objections do not demonstrate that the Magistrate Judge was incorrect in her recommendation. Rather, his objections merely repeat his conclusory allegations that he has made throughout his original complaint and multiple amended complaints. For example, in his objections, Plaintiff states that "defendants breached a judicially-connected settlement" and reiterated his claims against Scroggins, Morris, and Landry.[19] His objections fail to address the Magistrate Judge's findings that his allegations are too vague to state a plausible state law claim. Accordingly, the Court agrees that Plaintiff's state law claims should be dismissed, as well.

To the extent there are findings by Magistrate Judge Dossier that Plaintiff did not object to, this Court finds that they are not clearly erroneous.

---

[18] R. Doc. 14 at 1.
[19] R. Doc. 14 at 1-2.

## CONCLUSION

After conducting a *de novo* review of the issues raised by Plaintiff's objections to Magistrate Judge's Dossier's Report and Recommendations, the Court overrules those objections and adopts Magistrate Judge Dossier's Report and Recommendations.[20]

**IT IS ORDERED** that the complaint of Thomas L D'Aquin be and hereby is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 16th day of September, 2025.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[20] Additionally, this Court dismisses Plaintiff's Motion for Expedited Consideration and Immediate Ruling as moot. R. Doc. 10. Furthermore, Plaintiff filed a Motion for Sanctions and a Cease and Desist Order against Defendants on September 5, 2025, as well as a Supplemental Motion for Sanctions on September 13, 2025. R. Docs. 16, 17. These motions contain new allegations of unlawful conduct by certain state officials. Such new claims may not be raised in Plaintiff's objections to the Magistrate Judge's Report and Recommendations. These motions are **DENIED**.